IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TUESDAY MORNING CORPORATION | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-11-CV-0359-D |
| | § | |
| TRADEWINDS TEXTILES, INC., ET AL. | § | |
| | § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Tuesday Morning Corporation has filed a motion for sanctions against Defendants Tradewinds Textiles, Inc. ("TTI") and Sanjay Sharma ("Sharma") as a result of their failure to appear for deposition on October 7, 2011. For the reasons stated herein, the motion should be granted.

I.

This is a civil action brought by plaintiff to recover damages from TTI and its owner, Sharma, arising from the purchase of more than $600,000 of textile goods that were later discovered to illegally infringe on trademarks or copyrights held by other companies. In its most recent pleading,[1] plaintiff asserts claims against TTI for contractual indemnity, breach of express warranties, and breach of implied warranties. Plaintiff also sues both TTI and Sharma for common law fraud. By way of counterclaim, TTI and Sharma seek indemnity against plaintiff and sue for unfair competition.

---

[1] Plaintiff's operative pleading is its original petition filed in Texas state court. TTI and Sharma timely removed the case to federal court on the basis of diversity of citizenship. *See* 28 U.S.C. § 1332(a)(1).

As part of discovery in this case, plaintiff noticed TTI and Sharma for depositions in Dallas, Texas. Sharma, who moved to India shortly before this lawsuit was filed, asked the court to require plaintiff to either pay his travel expenses to Dallas or to take the depositions in India. The court denied the request and ordered the depositions held in Dallas at a date and time agreed to by the parties. *See* Order, 9/6/11 at 3. After conferring with opposing counsel, plaintiff re-noticed the depositions of TTI and Sharma for October 7, 2011, beginning at 9:00 a.m. in the offices of Figari & Davenport LLP, 901 Main Street, Suite 3400, Dallas, Texas. Just days before the scheduled depositions, defense counsel advised that neither TTI nor Sharma would appear. Plaintiff then filed the instant motion for sanctions.

A show cause hearing was scheduled for December 9, 2011 at 9:00 a.m. In an order dated November 18, 2011, Sharma, individually and as a representative of TTI, was ordered to appear at the hearing in person, "then and there to show cause why sanctions should not be imposed against him and [TTI] for failing to appear for deposition in Dallas, Texas, on October 7, 2011." *See* Order, 11/18/11 at 1-2. Sharma was warned that "his failure to appear in person at the show cause hearing and to otherwise comply with this order may result in the imposition of additional sanctions against defendants, including an order striking their pleadings or parts thereof and rendering a default judgment against them." *Id.* at 2, *citing* FED. R. CIV. P. 16(f)(1) & 37(b)(2)(A)(iii)-(vi). Although one of his lawyers appeared at the show cause hearing, Sharma did not. Instead, Sharma filed a declaration the day before the hearing which states, in pertinent part, "I [can] no longer afford to defend the case because of my dire personal finance circumstances. I do not have the financial means to defend myself." *See* Sharma Decl. at 1, ¶ 4. At the hearing, Mel Klein, local counsel for defendants, advised the court that he has been discharged by his clients and was not authorized to speak on their behalf.

II.

Under the federal rules:

> The court where the action is pending may, on motion, order sanctions if:
>
> (i)     a party . . . fails, after being served with proper notice, to appear for that person's deposition.

FED. R. CIV. P. 37(d)(1)(A). In addition:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule . . . 37(a), the court where the action is pending may issue further just orders. They may include the following:
>
> * * * *
>
> (iii)    striking pleadings in whole or in part;
>
> * * * *
>
> (vi)    rendering a default judgment against the disobedient party[.]

FED. R. CIV. P. 37(b)(2)(A). Finally, Rule 16(f) authorizes the court to issue "any just orders," including an order striking pleadings and rendering a default judgment, for failure to obey a scheduling or other pretrial order. *See* FED. R. CIV. P. 16(f)(1), *citing* FED. R. CIV. P. 37(b)(2)(A)(ii)-(vii). The entry of a default judgment is an extreme sanction that should be imposed only "in the face of a clear record of delay or contumacious conduct by the [party]." *SEC v. First Houston Capital Resources Fund, Inc.*, 979 F.2d 380, 382 (5th Cir. 1992), *quoting Durham v. Florida East Coast Railway Co.*, 385 F.2d 366, 368 (5th Cir. 1967). The court cannot default an offending party "unless [it] first finds that a lesser sanction would not have served the interests of justice." *First Houston*, 979 F.2d at 382, *quoting McNeal v. Papasan*, 842 F.2d 787, 793 (5th Cir. 1988).

The record in this case documents a clear history of delay and contumacious conduct by defendants. Sharma, individually and as a representative of TTI, failed to appear for a duly noticed deposition on October 7, 2011, and failed to attend a show cause hearing on December 9, 2011. The court warned Sharma that his failure to attend the hearing may result in the imposition of additional sanctions against defendants, "including an order striking their pleadings or parts thereof and rendering a default judgment against them." *See* Order, 11/18/11 at 2, *citing* FED. R. CIV. P. 16(f)(1) & 37(b)(2)(A)(iii)-(vi). Sharma failed to comply with that order. Instead, he notified the court that he lacks the financial resources to defend the case. Other than this conclusory assertion, Sharma submits no evidence to support his plea of poverty. Without such evidence, Sharma's failure to appear for deposition and attend the show cause hearing justifies the imposition of extreme sanctions. *See, e.g. Simpson v. Rodriguez*, No. 3-07-CV-1276-M, 2008 WL 2780976 (N.D. Tex. Jul. 11, 2008) (interlocutory default judgment entered against defendant for failure to appear for noticed deposition and show cause hearing); *Gohe v. Seven Eleven*, No. 3-05-CV-2198-B, 2006 WL 1152682 (N.D. Tex. Apr. 10, 2006), *rec. adopted*, 2006 WL 1154778 (N.D. Tex. May 2, 2006) (case dismissed where plaintiff failed to appear for noticed deposition and show cause hearing); *McLane Foodservice, Inc. v. Hawkins*, No. 3-03-CV-1412-G, 2004 WL 350667 (N.D. Tex. Feb. 25, 2004), *rec. adopted*, 2004 WL 1179325 (N.D. Tex. Mar. 22, 2004) (case dismissed where plaintiff failed to appear for deposition and hearing to explain his absence).

The court has considered alternate sanctions. However, lesser sanctions would not serve the interests of justice or advance the disposition of this action on the merits, particularly since Sharma admits that he can longer defend the case. Presumably, Sharma is also either unwilling or unable to prosecute his counterclaims. Under these circumstances, the court has no alternative but to enter

a default judgment against defendants on the issue of liability and dismiss their counterclaims with prejudice.

## RECOMMENDATION

Plaintiff's motion for sanctions [Doc. #25] should be granted. Because Sanjay Sharma, individually and as a representative of TTI, failed to appear for a noticed deposition and a show cause hearing, the court should strike their pleadings, enter a default judgment against both defendants on the issue of liability, and dismiss their counterclaims with prejudice. Plaintiff should be ordered to submit evidence on damages and attorney's fees within 10 days after this recommendation is adopted by the district judge.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 9, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE